1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MARK AND LINDA FRANTZICH, | ) | Case No.: 11-CV-00317-LHK |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO DISMISS WITH LEAVE |
| v. | ) | TO AMEND AND DENYING |
| | ) | DEFENDANTS' MOTION TO STRIKE |
| BARCLAY'S CAPITAL, ET AL., | ) | AS MOOT |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Mark and Linda Frantzich have asserted two state law claims in connection with the default and foreclosure proceedings on property located at 1443 Longmeadow Drive, Gilroy, California. Specifically, Plaintiffs bring suit for: (1) declaratory relief with respect to their rights and duties under the deed of trust in foreclosure proceedings; and (2) for "unfair business practices" under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Defendants are Barclay's Capital Real Estate, Inc. d/b/a HomEq Servicing ("HomEq"); Securitized Asset Backed Receivables LLC Trust 2007-BR2 ("SABR"); Ocwen Loan Servicing, LLC ("Ocwen"); and Deutsche Bank National Trust Company. Presently before the Court are Defendants' motion to dismiss and motion to strike portions of the complaint. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motions appropriate for resolution without oral argument. For the reasons discussed below, Defendants' motion to dismiss is GRANTED WITH

1

United States District Court
For the Northern District of California

1   LEAVE TO AMEND.  Defendants' motion to strike is DENIED AS MOOT.  The April 21, 2011

2   motion hearing and case management conference are vacated.

## I.   BACKGROUND

4          Plaintiffs are the owners of property located at 1443 Longmeadow Drive, Gilroy, California

5   (the "Property").  Compl. ¶ 4.  On November 24, 2006, Plaintiffs executed a Deed of Trust, and

6   also executed an "Adjustable Rate Rider" and a "Prepayment Rider."  *Id*. at ¶ 5.  The Deed of

7   Trust, which is attached as Exhibit A to Plaintiffs' Complaint, identifies Plaintiffs as the borrowers,

8   Ameripath Mortgage Corporation as the lender, Service Link as the trustee, and Mortgage

9   Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  *See* November 24, 2006 Deed

10  of Trust, attached as Exh. A. to Pl.'s Compl.  The Deed of Trust references a promissory note for

11  Plaintiffs' $480,000 loan on the Property.  In addition, and as Plaintiffs' expressly acknowledge in

12  their Complaint, the Deed of Trust included a power of sale provision for the trustee.  Compl. ¶ 7

13  ("The Deed of Trust granted and conveyed to the Trustee, in trust, the power of sale over the

14  subject property.").  However, Plaintiffs now allege that they never received copies of the closing

15  documents and are "unaware of the existence of any Note."  *Id*. at ¶ 12.  On July 14, 2010,

16  foreclosure proceedings were initiated, and Plaintiffs were sent a Notice of Default.  *See* July 14,

17  2010 Notice of Default, attached as Exh. C to Pl.'s Compl.  The Notice of Default states that, as of

18  July 13, 2010, Plaintiffs were in arrears $35,086.08 on the loan.

19         Despite allegations that they are unaware of the existence of any Note, Plaintiffs also allege

20  that "[f]or almost three years after closing the loan, the Frantzichs made their payments on time."

21  *Id*. at ¶ 18.  By late 2009, Plaintiffs fell behind on their loan payments and sought loan

22  modification.  *Id*. at ¶ 20.  Plaintiffs allege that their original loan servicer, HomEq, denied them a

23  loan modification in May 2010 on the basis that they were ineligible for a modification.  *Id*. at ¶ 23.

24  They further allege that in November 2010, Ocwen, Plaintiffs' loan servicer as of August 2010,

25  denied their application for a loan modification on the ground that the modification did not "meet

26  the net present value (NPV) test."  *Id*. at ¶ 28.  Ocwen offered to let Plaintiffs dispute the NPV

27

28

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO
STRIKE

**United States District Court**
For the Northern District of California

1  calculation if the Plaintiffs were willing to disclose additional financial information.  *Id*.  Plaintiffs

2  were reluctant to disclose more information, and declined that offer.  *Id*. at ¶ 29.

3       Plaintiffs filed suit in Santa Clara County Superior Court on January 5, 2011.  On January

4  6, 2011, the Superior Court granted Plaintiffs' motion for a temporary restraining order to enjoin

5  the sale of the Property.  *See* Defs.' Notice of Removal.  As of the date of this Order, there is not a

6  pending foreclosure sale.  Defendants removed the case to federal court on January 21, 2011 on the

7  basis of diversity jurisdiction.  The case was reassigned to the undersigned on January 28, 2011.

8                          **II.  LEGAL STANDARDS**

9       **A.  Motion to Dismiss**

10      Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is

11  "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to

12  support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658,

13  664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In considering

14  whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

15  allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,

16  the court need not accept as true "allegations that contradict matters properly subject to judicial

17  notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

18  unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

19  1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must

20  contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its

21  face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

22  (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference

23  that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

24      If the court concludes that the complaint should be dismissed, it must then decide whether

25  to grant leave to amend. "[A] district court should grant leave to amend even if no request to

26  amend the pleading was made, unless it determines that the pleading could not possibly be cured

27

28

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE

1    by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe*

2    *v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

3        **B.  Documents Considered by the Court**

4          A court may take judicial notice of facts that are not subject to reasonable dispute and are

5    either: 1) generally known within the territorial jurisdiction of the trial court; or 2) capable of

6    accurate and ready determination by resort to resources whose accuracy cannot be reasonably

7    questioned.  Fed. R. Evid. 201(b).  The Court may consider, under the incorporation by reference

8    doctrine, documents that are connected to the loan transaction at issue, as to which both Plaintiffs

9    and Defendants make unopposed requests for judicial notice.  *See United States v. Ritchie*, 342

10   F.3d 903, 907 (9th Cir. 2003).  For purposes of ruling on a motion to dismiss under Rule 12(b)(6),

11   the pleadings are deemed to include "documents whose contents are alleged in a complaint and

12   whose authenticity no party questions, but which are not physically attached to the pleading."  *See*

13   *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

14         Here, the Court takes judicial notice of two documents: 1) Plaintiffs' executed Deed of

15   Trust which is dated November 24, 2006, and which was publicly recorded in the Office of the

16   Santa Clara County Recorder on December 1, 2006; and (2) the Notice of Default, which was

17   publicly recorded in the Office of the Santa Clara County Recorder on July 14, 2010.  Both

18   documents are attached to Plaintiff's complaint, and both documents are central to Plaintiff's

19   causes of action.

20                   **III.  DISCUSSION**

21         Defendants move to dismiss on the grounds that neither of Plaintiffs' two causes of action

22   states a claim for which relief may be granted.  The Court considers each cause of action in turn.

23       **A.  Declaratory Relief under California Code of Civil Procedure § 1060**

24         Although Plaintiffs frame the "declaratory relief" section of their complaint as a cause of

25   action, it is correctly understood as a form of relief.  *See Davenport v. Litton Loan Servicing, LP*,

26   725 F. Supp. 2d 862, 880 (N.D. Cal. 2010).  Plaintiffs' *actual* claim is based on an ultimately

27   mistaken theory that Defendants lack the power to foreclose on the Property pursuant to the Deed

28

4

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO
STRIKE

of Trust without production of the note. As courts have repeatedly emphasized, such a theory is "unsupported and incorrect." *See id.*; *see also Hafiz v. Greenpoint Mortg. Funding,* 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . Pursuant to section 2924(a)(1) of the California Civil Code the trustee of a Deed of Trust has the right to initiate the foreclosure process."). This is because the trustee, if granted the power of sale, has the authority and duty to initiate foreclosure proceedings on the subject property upon the trustor's default. *See Lomboy v. SCME Mortg. Bankers*, 2009 U.S. Dist. LEXIS 44158, *12 (N.D. Cal. May 26, 2009) ("The trustee has the power and the duty to initiate foreclosure proceedings on the property upon the trustor's default, resulting in a sale of the property.").

Here, although Plaintiffs allege they are currently unaware of their rights absent production of the note, Plaintiffs refer to each of the Defendants in their capacities as lenders, servicers and trustees and do not challenge the existence of the Deed of Trust. In fact, Plaintiffs attached the November 24, 2006 Deed of Trust, which included a power of sale provision in the event of default, to their complaint. In these circumstances, the Deed of Trust provides Defendants the authority to initiate foreclosure proceedings in the event of default and the authority to sell the Property even without the note. *See, e.g.*, *Alvara v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 50365, *18 (N.D. Cal. June 15, 2009) ("Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust."); *see also Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (Cal. App. 4th Dist. 2011) (dismissing declaratory relief action because, under California law, "'a trustee, mortgagee, or beneficiary, or any of their authorized agents' may initiate the foreclosure process. However, nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action.").

Accordingly, to the extent Plaintiffs seek declaratory relief on the ground that Defendants may not initiate foreclosure proceedings without production of the note, Plaintiffs' declaratory

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE

**United States District Court**
For the Northern District of California

1    relief cause of action is dismissed.  Plaintiffs, however, are given leave to amend to allege specific

2    facts identifying their entitlement to declaratory relief on an alternate theory, if appropriate.[1]

3         **B.  Unfair Business Practices under California Business & Professions Code § 17200**

4         In their second cause of action, Plaintiffs aver that Defendants engaged in unfair or

5    unlawful business practices in violation of California's Unfair Competition Law ("UCL").  *See*

6    Cal. Bus. & Prof. Code § 17200 (prohibiting "unlawful, unfair or fraudulent" business practices).

7    California's UCL prohibits acts or practices that are: (1) fraudulent; (2) unlawful; or (3) unfair.  *Id.*

8    Each prong of the UCL constitutes a separate and distinct theory of liability. *See Kearns v. Ford*

9    *Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009).  Under the "unlawful" prong, the UCL

10   incorporates other laws and treats violations of those laws as unlawful business practices

11   independently actionable under state law.  *See Chabner v. United Omaha Life Ins. Co.,* 225 F.3d

12   1042, 1048 (9th Cir. 2000).  Under a "fraud" theory, a plaintiff must show that "members of the

13   public are likely to be 'deceived'" by the defendant's practices.  *See In re Tobacco II Cases,* 46

14   Cal. 4th 298, 312 (2009).  Where a plaintiff alleges that the defendant failed to disclose material

15   facts, he or she must first establish that the defendant had a duty to disclose those facts.  *See*

16   *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1557 (2007) ("Absent a duty to

17   disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL.").

18   Under the "unfair" prong, "[a] business practice is unfair within the meaning of the UCL if it

19   violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and

20   causes injury to consumers which outweighs its benefits."  *See McKell v. Wash. Mut., Inc.*, 142

21   Cal. App. 4th 1457 (2006).

22        Here, Plaintiffs argue broadly that Defendants engaged in "deceptive, unfair, and other

23   wrongful conduct" with respect to the denial of their loan modification applications.  Compl. ¶¶ 30-

24        [1] Plaintiffs rely heavily on a California appellate decision, *California Golf, L.L.C. v.*
25   *Cooper*, 163 Cal. App. 4th 1053 (Cal. App. 2d Dist. 2008).  In *California Golf*, however, the state
     appellate court held only that "although the statutory scheme governing nonjudicial foreclosures
26   has, in certain circumstances, been held to constitute the exclusive civil remedy for wrongdoing in
     the context of a nonjudicial foreclosure, that exclusivity cannot be applied to immunize the
27   fraudulent and apparently felonious conduct of respondents in this case." *Id.* at 1067.  In the
     present case, Plaintiffs have not alleged felonious or fraudulent conduct, and thus the connection of
28   *California Golf* to the instant action is tenuous at best.

6

31.  However, Plaintiffs do not state what behavior by each Defendant was deceptive, unfair or wrongful.  Plaintiffs do not tie their allegations to a particular prong of the UCL.  Moreover, Plaintiffs do not allege they were denied a modification on a wrongful or illegitimate basis. Instead, Plaintiffs merely allege they were denied a loan modification for "failure to meet the Net Present Value (NPV) test" and declined the opportunity to dispute the NPV calculation.  *Id*. at ¶ 28. These allegations are insufficient to adequately plead a cause of action under the UCL.  *See Davenport*, 725 F. Supp. 2d at 878 (granting motion to dismiss UCL claim where plaintiff did not identify an "unfair business practice" connected to defendants' loan practices).  As with their first cause of action, Plaintiffs are given leave to amend to allege specific factual allegations that may form the basis of a legally cognizable UCL claim.

## IV.  CONCLUSION

For the reasons described above, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiffs shall file an amended complaint, if any, within twenty-one (21) days of this Order to cure the deficiencies identified herein.  Plaintiffs may not add new claims or parties without a stipulation of the parties or leave of the Court pursuant to Federal Rule of Civil Procedure 15.  Failure to timely amend will result in dismissal of Plaintiffs' claims with prejudice. The April 21, 2011 motion hearing and case management conference are vacated.  Defendants' motion to strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: April 20, 2011

_____

LUCY H. KOH
United States District Judge

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE